**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **PRIMERICA FINANCIAL SERVICES, INC. and PFS INVESTMENTS INC.,** | |
| Plaintiff, | Case No. 15-cv-10275 |
| v. | Hon. Ronald Guzman |
| **DAVID M. CHARNOT,** | |
| Defendant. | |

## DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS IN FAVOR OF ARBITRATION

### INTRODUCTION

This lawsuit involves a dispute between a financial services company, Plaintiffs PFS

Investments Inc. ("PFSI") and Primerica Financial Services, Inc. ("PFS") (jointly, "Primerica")

and one of Primerica's former investment advisors, Defendant David M. Charnot ("Charnot").

Both Charnot, as an investment advisor, and Primerica, as a broker-dealer, are registered with the

Financial Industry Regulatory Authority ("FINRA"). By registering with FINRA, Primerica and

Charnot agreed to mandatory arbitration of any dispute arising out of their respective "business

activities."[1]

Primerica filed its Complaint for Injunctive Relief, Motion for Temporary Restraining

Order, and Motion for Expedited Discovery and a Document Preservation Order on November

12, 2015, approximately one month ago. (Dkt. Nos. 1, 8, 9). The gist of Primerica's Complaint

is that after Charnot left Primerica, he solicited his securities customers and other FINRA

---

[1] Even if this case did not involve a dispute covered by FINRA, the claims would still be subject to arbitration because Charnot's agreement with PFS requires that all disputes be subject to mandatory arbitration. (*See* Compl., Dkt. No. 1, Exhibit A, ¶ 15). Thus, irrespective of what agreement Primerica contends was breached, Primerica's claims must be arbitrated - not tried before the Court.

securities-registered Primerica advisors to leave Primerica. Accordingly, the Complaint alleges a dispute over the "business activities" of two FINRA registrants.

Pursuant to the agreement of the parties, an Agreed Temporary Restraining Order was entered on November 20, 2015 and extended by agreement through December 15, 2015. (Dkt. Nos. 16, 18). As such, Primerica's application for emergency relief is resolved, and the parties are required to resolve any outstanding issues before FINRA. Primerica, however, refuses to comply with FINRA Rules and arbitrate this dispute. Thus, Charnot now requests that the Court dismiss or stay this matter in favor of arbitration before FINRA.

## THE FACTS MANDATING ARBITRATION

PFSI is a registered broker-dealer with FINRA and offers securities products to the public. (Complaint, Dkt. No. 1 at ¶ 8). Charnot is registered with FINRA as an "associated person." *See* FINRA Rule 1011(b) (all FINRA Rules cited herein are attached as Exhibit A). Until September 3, 2015, Charnot was affiliated with Primerica and, while Primerica also offered insurance products, the "primary focus of [Charnot's] business was securities products." (Compl. at ¶ 19).

Primerica's allegations against Charnot (which Charnot disputes) relate to Charnot's securities business:

- "Charnot created and executed a plan to take a large portion of the ***securities business*** of the registered Primerica office located in Crestwood, Illinois ..." (Dkt. No. 1 at ¶ 37);

- Charnot "expected all of Primerica's ***securities-licensed*** representatives in the Crestwood office to follow [him]" (Dkt. No. 1 at ¶ 44); and

- Alleging Charnot accessed the Primerica's on-line database which provides a "consolidated view of mutual fund assets and managed accounts for Primerica ***securities customers***" (Dkt. No. 1 at ¶ 56).

2

22940907v.2

In addition, the customer non-solicitation provision that Primerica relies upon to obtain injunctive relief is only contained in the agreement between Charnot and PFSI. PFSI is a FINRA "Member" and Charnot is a FINRA "Associated Person" under FINRA Rule 13200 (definitions at FINRA Rule 1011). As a result, the contract Primerica relies upon, and any dispute arising out of it, is governed by FINRA. (Dkt. No. 1 at ¶ 26, Ex. B).

## ARGUMENT

### I.      Standard of Law.

Rule 12(b)(1) and (3) provide for dismissal of an action for lack of subject matter jurisdiction and improper venue, respectively. *See* F.R.C.P. 12(b)(1) and (3). Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, also provides that an action may be stayed upon application of any party when a suit brought before the court is referable to arbitration. 9 U.S.C. § 3. Because the proper forum for this dispute is FINRA, this matter should be dismissed, or alternatively, stayed.

### II.     Primerica's Claims Are Subject to Arbitration Before FINRA.

FINRA Rule 13200 requires, in pertinent part, that "a dispute must be arbitrated under the [FINRA] Code if the dispute arises out of the business activities of a Member or an Associated Person and is between or among: Members; Members and Associated Persons; or Associated Persons." *See* FINRA Rule 13200 (Exhibit A). Since Primerica is a FINRA Member and Charnot is a FINRA Associated Person, any dispute between them must be resolved through binding, mandatory arbitration before FINRA -- not in court. *Id.* Consequently, this matter should now be dismissed, or stayed, in favor of arbitration before FINRA. *Kost v. PNC Bank, Nat. Ass'n*, 4:15-CV-00056-RLY, 2015 WL 5521817, at *4 (S.D. Ind. Sept. 17, 2015) (compelling FINRA-registered parties to arbitrate dispute before FINRA); *Millas v. Morgan Stanley & Co., Inc.*, 08-CV-0573-MJR, 2008 WL 5095917, at *6 (S.D. Ill. Dec. 1, 2008) (same);

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 621 (N.D. Ill. 2000) (holding plaintiff's request for expedited discovery and preliminary injunction in advance of NASD [FINRA precursor] arbitration was *indicia* of bad faith as claims were required to be arbitrated).

The only applicable exception to mandatory arbitration is FINRA Rule 13804, which allows a party to seek a TRO in a court of competent jurisdiction, provided that the movant also files the claim with FINRA "at the same time." *See* FINRA Rule 13804, Ex. A hereto. Unfortunately, Primerica failed to file its action with FINRA at the same time it filed its Complaint and its failure to do so constitutes additional grounds for dismissal of this lawsuit. *See Moran v. Piper Jaffray & Co.*, No. C08-03188 JSW, 2008 WL 3992716, at *1 (N.D. Cal. Aug. 25, 2008) ("According to the plain language of Rule 13804, a party seeking injunctive relief from a court on a dispute which is required to be submitted to arbitration must simultaneously file a statement of claim with FINRA seeking permanent injunctive relief"); *see also, Walker v. Morgan Stanley Smith Barney LLC*, No. 10–02378, 2011 WL 1603490, at *3 (E.D. Pa. April 28, 2011) ("Even if we could treat Walker's complaint as a request for temporary injunctive relief, as a threshold matter we must decline to grant such relief because it appears that Walker has not filed a statement of claim as required by Rule 13804"). **Indeed, more than one month has passed since the Complaint was filed and Primerica still has not filed its action against Charnot with FINRA.** As a result, Primerica may be subject to sanctions. *See* FINRA Rule 13212.

In any event, Primerica's application for a TRO was resolved through an agreed order. (*See* Dkt. Nos. 16, 18). Accordingly, all future issues requiring resolution are required to be resolved through FINRA arbitration. *See* FINRA Rule 13200. Naturally then, this matter should

4

now be dismissed in favor of arbitration. *See Prudential Ins. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1032 (N.D. Iowa 2010) (holding that any discovery would exceed the narrow scope of the authorization in FINRA Rule 13804 for "temporary injunctive orders" by the court); *see also Smith Barney, Inc. v. Darling*, No. 09–C–540, 2009 WL 1544756, at *1-2 (E.D. Wis. June 3, 2009) (holding that any court order issued would be temporary until an arbitration panel hears the matter); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano*, 999 F.2d 211, 215-16 (7th Cir. 1993) (reversing district court's extension of temporary restraining order as "improvident" when an arbitration panel was in place); *Hawkins v. Toussaint Capital Partners, LLC*, No. 08 Civ. 6866 (PKL), 2010 WL 2158332, at *4 (S.D.N.Y. May 27, 2010) (granting motion to compel arbitration pursuant to FINRA Rule 13200).

Charnot anticipates that Primerica will argue that the case should not be dismissed or stayed because only PFSI is registered with FINRA. This argument should be rejected for at least two reasons. First, PFSI was the entity through which Charnot conducted his securities business, and Charnot's securities business is the focus of the allegations Primerica has asserted against Charnot. (Dkt. No. 1 at ¶¶ 19, 37, 44, 56). Moreover, the customer non-solicitation provision, which Primerica relies on for injunctive relief, are only found in Charnot's agreement with PFSI. (Dkt. No. 1 at Ex. B).

Second, to the extent that any claim is not arbitrable, this action should nonetheless be stayed pending resolution of the claims that are subject to mandatory arbitration. *See Nissan Forklift Corp., N. Am. v. Zenith Fuel Sys., L.L.C*, No. 05 C 4849, 2006 WL 1157239, at *3 (N.D. Ill. April 27, 2006) ("[W]hen an action involves an issue that is arbitrable, then that action "shall" be stayed until the arbitration is complete"); *Air Freight Serv., Inc. v. Air Cargo Transp., Inc.*, 919 F. Supp. 321, 324 (N.D. Ill. 1996) ("[A] court should stay litigation pending arbitration

22940907v.2

even when the arbitration would not necessarily resolve all of the issues raised by the parties in the litigation"). That is particularly true in this case because any claims that arise out of agreements with Primerica Financial Services Inc. are also subject to mandatory arbitration. (Dkt. No. 1 at Ex. A, ¶ 15). Therefore, the claims asserted by Primerica are required to be arbitrated - not litigated before the Court.

Thus, because Primerica's TRO is resolved and all other relief requested by Primerica goes beyond temporary injunctive relief, Primerica's Motion must be denied and this matter should be dismissed in favor of arbitration.

Respectfully submitted,

DAVID M. CHARNOT

/s/J. Scott Humphrey
One Of His Attorneys

J. Scott Humphrey (shumphrey@seyfarth.com)
Marcus L. Mintz (mmintz@seyfarth.com)
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
312-460-5000 (telephone)

22940907v.2

## **CERTIFICATION**

I, J. Scott Humphrey, an attorney, hereby certify that on this 14th day of December, 2015, a copy of the foregoing was served via CM/ECF on counsel of record for all parties in this case.

Terri L. Mascherin
Daniel T. Fenske
Laura E.B. Hulce
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654

Brett A. Rogers
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, Georgia 30303

/s/J. Scott Humphrey
J. Scott Humphrey

22940907v.2